# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE VEGA AND OCIEL VEGA,** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.** <u>5:17-cv-994</u> |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA          ,** | § | |
| **Defendant** | § | |

---

## INDEX OF MATTERS BEING FILED

---

Safeco Insurance Company of Indiana's Notice of Removal.

Exhibit A:   Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:   A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE VEGA AND OCIEL VEGA,** | § | |
|     **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA    ,** | § | |
|     **Defendant** | § | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.    On August 11, 2017, Plaintiffs Jose and Ociel Vega filed their Original Petition ("Original Petition") styled Cause No. 2017CI14866; *Jose Vega and Ociel Vega vs. Safeco Insurance Company of Indiana*, In the 45th District Court of Bexar County, Texas.  Safeco was served with citation on September 9, 2017.

### *Nature of the Suit*

2.    This lawsuit involves a dispute over Safeco's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property:  2409 Roseville St., San Antonio, Texas.  Plaintiffs assert causes of action against Safeco for negligence, breach the insurance contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, fraud, and conspiracy.

*Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  At the time Plaintiffs filed their Original Petition in District Court on August 11, 2017 and as of the date of filing this Notice, Safeco was and is a company organized under the laws of the State of Indiana with its principal place of business at 175 Berkeley Street, Boston, Massachusetts..  Accordingly, at the time Plaintiffs initially filed this suit, and through the filing of this Notice, Defendant Safeco is not a citizen of the State of Texas for diversity jurisdiction purposes.[1]

5.      Upon information and belief, Plaintiffs were a citizen of Texas when their Petition was filed, and continue to be a citizen of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]  Here, Plaintiffs claim that a wind/hail storm caused

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

damages to their property that Plaintiffs insured through Safeco.[3]   Plaintiffs seek damages for

Safeco's refusal to fully compensate Plaintiffs under the terms of their insurance contract.[4]   The

Policy at issue is a Texas Homeowner's Policy with coverage limits of $126,300 for the

dwelling, $12,630 or other structures and $50,830.00 for the contents.

7.     In addition, Plaintiffs seek statutory penalties and treble damages under the Texas

Insurance Code.[5]   Plaintiffs also seek attorney fees for bringing this suit.[6]   Thus, given the Policy

involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it

is more likely than not that the amount in controversy exceeds the federal jurisdictional

minimum of $75,000.00.

8.     Based on the Policy's coverage limits, it would be legally possible for Plaintiffs to

obtain a recovery of at least $75,000.

### *The Removal is Procedurally Correct*

9.     Safeco was first served with the Original Petition in District Court on September

9, 2017.   Therefore, Safeco filed this Notice of Removal within the 30-day time period required

by 28 U.S.C. §1446(b).

10.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and

division embrace the place in which the removed action has been pending and because a

substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings

in the state court action are attached to this Notice as Exhibit A.

---

[3] *See* Exhibit A, Original Petition at page 2.
[4] *See Id.* at pages 3-4.
[5] *See* Exhibit A, Original Petition, pages 11-12.
[6] *Id.*

12.     Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

13.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the 45th District Court of Bexar County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 45th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cholloway@lstlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **5**[th] day of **October 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Cristobal M. Galindo
CRISTOBAL M. GALINDO, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027

David R. Stephens
Carrie D. Holloway

# Exhibit  A



GERARD C. RICKHOFF          DONNA KAY McKINNEY

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

Records Search Home      Advanced Search      Bexar County

Home  /  Back to Search Results  /  Details

# Case #2017CI14866

History  4

**Name**

JOSE VEGA

**Date Filed**          **Case Status**          **Litigant Type**          **Court**

08/11/2017             PENDING                PLAINTIFF               045

**Docket Type**

DEBT/CONTRACT

**Business Name**

**Style**

JOSE VEGA ET AL

**Style (2)**

vs SAFECO INSURANCE COMPANY OF INDIANA

---

# Case History    Go To Top

*Currently viewing 1 through 4 of 4 records*

Sequence          Date Filed          Description

| P00003 | 9/28/2017 | ORIGINAL ANSWER OF<br>SAFECO INSURANCE COMPANY OF INDIANA AND<br>REQUESTS FOR DISCLOSURE |
| S00001 | 8/21/2017 | CITATION<br>SAFECO INSURANCE COMPANY OF INDIANA<br>ISSUED: 8/21/2017 RECEIVED: 9/8/2017<br>EXECUTED: 9/8/2017 RETURNED: 9/22/2017 |
| P00002 | 8/11/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 8/11/2017 | PET FOR HAIL DAMAGE RESIDENTIAL |



Bexar.org | Bexar County County Clerk | Bexar County District Clerk
100 Dolorosa San Antonio, Texas 78205 | 210.335.2011

http://apps.bexar.org/...d-21f8-4f07-bfee-4e1c9210f1f5&st=l&l=&fn=&m=&cs=2017CI14866&ct=&p=2_2017CI14866++++DC0000100000[10/4/2017 2:44:17 PM]



**Notice of Service of Process**

**null / ALL**
**Transmittal Number: 17118621**
**Date Processed: 09/09/2017**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Jose Vega vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI14866 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/08/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Cristobal M. Galindo<br>713-228-3030 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

09.241662
PRIVATE PROCESS

Case Number: 2017-CI-14866

2017CI14866  S00001

JOSE VEGA ET AL
vs.
SAFECO INSURANCE COMPANY OF INDIANA
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: SAFECO INSURANCE COMPANY OF INDIANA BY SERVING ITS ATTORNEY
FOR SERVICE CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 11th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF AUGUST A.D., 2017.

CRISTOBAL M GALINDO
ATTORNEY FOR PLAINTIFF
4151 SOUTHWEST FWY 602
HOUSTON, TX 77027-7312



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

JOSE VEGA ET AL
VS
SAFECO INSURANCE COMPANY OF INDIANA

**Officer's Return**

Case Number: 2017-CI-14866
Court: 45th Judicial District Court

I received this CITATION on the _08_ day of _September_ 201_7_ at _9:56_ o'clock _A_ M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

09/08/17

_____
Declarant

ORIGINAL (DK002)

FILED
8/11/2017 2:20 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

Case 5:17-cv-00994-DAE   Document 1   Filed 10/05/17   Page 12 of 29

CAUSE NO. _____**2017CI14866**_____

| | | |
|---|---|---|
| **JOSE VEGA AND OCIEL VEGA,** *Plaintiff,* | § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § § | **BEXAR COUNTY, TEXAS** |
| **SAFECO INSURANCE COMPANY OF INDIANA** *Defendant.* | § § § § § | __**45**__ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose Vega and Ociel Vega ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Safeco Insurance Company of Indiana ( "Defendant"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleas that this suit is governed by the expedited-actions process in Texas Rules of Civil Procedure 169.

### PARTIES

2. Plaintiffs Jose Vega and Ociel Vega are individuals residing in Bexar County.

3. Defendant Safeco Insurance Company of Indiana (hereinafter referred to as Safeco is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by certified mail, return receipt requested, by serving

its Attorney for Service, Corporation Service Company at 211 E. 7th Ste 620 Austin, Texas 78701 - 3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

5.  The Court has jurisdiction over Defendant Safeco because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6.  Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Safeco .

8.  Plaintiffs own the insured property, which is specifically located at 2409 Roseville St. San Antonio, TX 78219, in Bexar County (hereinafter referred to as "the Property").

9.  Safeco sold the Policy insuring the Property to Plaintiffs.

10. On or about April 25, 2016, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the region, including Plaintiffs' residence.  Plaintiffs' roof sustained extensive hail and/or wind damage during

the storm.   Plaintiffs' property also sustained substantial structural and exterior damage during the storm, including but not limited to, the siding, gutters, downspouts, soffit, fascia and trim, as well as extensive damage to the windows and window screens.  After the storm, Plaintiffs filed a claim with their insurance company, Safeco , for the damage to their home caused by the hail storm and/or windstorm.

11.     Plaintiffs submitted a claim to Safeco against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage sustained as a result of the hail storm and/or windstorm.

12.     Plaintiffs asked that Safeco cover the cost of repairs to the Property pursuant to the Policy.

13.     Defendant Safeco assigned Greg Kiefer as the individual adjuster on the claim.  The adjuster assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  This is evident in his report which failed to include all of the damages.  Kiefer both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate.  Ultimately, Kiefer's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained, which failed to include all of Plaintiffs' damages noted upon inspection. Kiefer's inadequate investigation of the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

14.     Together, Defendant Safeco, and Kiefer set about to deny and/or underpay on properly covered damages.  As a result of these defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly

Page 3

adjusted.  The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs has yet to receive the full payment to which they are entitled under the Policy.

15.  As detailed in the paragraphs below, Safeco wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Safeco underpaid some of Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16.  To date, Safeco continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to their Property.

17.  Defendant Safeco failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Safeco's conduct constitutes a breach of the insurance contract between Safeco and Plaintiffs.

18.  Defendant Safeco misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

19.  Defendant Safeco failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.  Defendant

Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20.    Defendants Safeco failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant Safeco failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Safeco's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.    Defendant Safeco failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Safeco. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22.    Defendants Safeco refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Safeco failed to conduct a reasonable investigation. Specifically, Defendant Safeco performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Safeco's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.    Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and

requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

24.  Defendant Safeco failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

25.  Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim.  Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

26.  From and after the time Plaintiffs' claim was presented to Defendant Safeco , the liability of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Safeco has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.  Defendant Safeco knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28.     As a result of Defendants Safeco's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him/her with respect to these causes of action.

29.     Plaintiffs' experience is not an isolated case.  The acts and omissions Safeco committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Safeco with regard to handling these types of claims. Safeco'sentire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### a.     CAUSES OF ACTION AGAINST SAFECO .

30.     Defendant Safeco is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

31.     Defendant Safeco's conduct constitutes a breach of the insurance contract made between Safeco and Plaintiffs.

32.     Defendant Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

## UNFAIR SETTLEMENT PRACTICES

33.  Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.  Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.  Defendant Safeco's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.  Defendant Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.  Defendant Safeco's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.     Defendant Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

39.     Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.     Defendant Safeco's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.     Defendant Safeco's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Safeco's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44.     Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### FRAUD

45.     Defendant Safeco is liable to Plaintiffs for common law fraud.

46.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant Safeco knew were false or made recklessly without any knowledge of their truth as a positive assertion.

47.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

48.     Defendants Safeco is liable to Plaintiffs for conspiracy to commit fraud. Defendant Safeco and Kiefer were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendant Safeco committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## KNOWLEDGE

49.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

50.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

51.     As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Safeco's mishandling of Plaintiffs' claim in violation of the laws set forth above.

52.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

56.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

57.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the below signed attorneys.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

Cristobal M. Galindo, P.C

Cristobal M. Galindo
Texas Bar No.  24026128
4151 Southwest Freeway, Suite 602
Houston, Texas  77027
T: 713.228-3030  /  F: 713.228-3003
E-Mail: StormCase@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

FILED
9/28/2017 10:36 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

Case 5:17-cv-00994-DAE   Document 1   Filed 10/05/17   Page 25 of 29

**CAUSE NO. 2017CI14866**

| | | |
|---|---|---|
| **JOSE VEGA AND OCIEL VEGA,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFFS,** | § | |
| | § | |
| **VS.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| **DEFENDANT.** | § | **45TH JUDICIAL DISTRICT** |

---

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL
ANSWER AND REQUEST FOR DISCLOSURE**

---

NOW COMES Defendant Safeco Insurance Company of Indiana and files its Original Answer, and would respectfully show as follows:

**I.**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

**II.**

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

**III.**

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiffs shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Safeco Insurance Company of Indiana*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant *Safeco Insurance Company of Indiana*'s Original Answer and Request for Disclosures was served by facsimile and/or electronic service on the **28**[th] day of **September 2017**, upon the following counsel of record:

Cristobal M. Galindo
Cristobal M. Galindo, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027

_____
David R. Stephens
Carrie D. Holloway

# Exhibit  B

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSE VEGA AND OCIEL VEGA,** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA         ,** | § | |
| **Defendant** | § | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

<u>Party</u>                                                  <u>Attorney(s)</u>
Plaintiff,
Jose Vega and Ociel Vega                    Cristobal M. Galindo
                                                              State Bar No. 24026128
                                                              CRISTOBAL M. GALINDO, P.C.
                                                              4151 Southwest Freeway, Suite 602
                                                              Houston, Texas 77027
                                                              Telephone: 713-228-3030
                                                              Facsimile: 713-228-3003
                                                              stormcase@galindolaw.com


Defendant,
Safeco Insurance Company of Indiana    David R. Stephens
                                                              State Bar No. 19146100
                                                              Carrie Holloway
                                                              State Bar No. 24028270
                                                              LINDOW STEPHENS TREAT LLP
                                                              One Riverwalk Place
                                                              700 N. St. Mary's Street, Suite 1700
                                                              San Antonio, Texas 78205
                                                              Telephone: 210.227.2200
                                                              Facsimile: 210.227.4602
                                                              dstephens@lstlaw.com
                                                              cholloway@lstlaw.com